GRIFFIN, J.
 

 Appellant, Gordon Williams [“Williams”],
 
 pro se,
 
 challenges a final order of the Department of Management Services, Division of Retirement [“DMS”]. The final order concluded, as did the administrative law judge [“ALJ”], that DMS is not required to change Williams’ retirement status from early service retirement to in-line-of-duty disability retirement. Because the appealed order is supported by competent substantial evidence, we affirm.
 

 Williams Had been a vocational instructor for the Florida Department of Corrections and was a member of the Florida Retirement System [“FRS”] since January 3, 1983. During his employment, Williams suffered numerous accidents. On April 1, 1997, while working, Williams fell and suffered multiple injuries, which left him disabled. Although Williams returned to work briefly, he resigned on September 23, 1998, because he was unable to continue performing his duties in light of his physical disabilities.
 

 On February 4, 1998, Williams filled out form FR-13 seeking in-line-of-duty retirement.
 
 [1]
 
 When Sherry Rogers, Personnel Technician I, at the Lake Correctional Institution filled out form FR-13a, which accompanies an employee’s form FR-13, she selected “regular” retirement instead of “in-line-of-duty” retirement. Williams testified that Lake Correctional Institution refused to make any change to the type of retirement specified on their form FR-13a. Apparently, Williams did not submit the form FR-13 or a form FR-13a to DMS at that time. After Williams’ 1998 resignation, he contacted the Department of Corrections for assistance with his disability retirement application and was told that since he was no longer employed, he should contact DMS directly.
 

 Williams made two telephone calls to DMS to discuss his retirement. The first telephone call was on October 22, 1998. He spoke with “MD,” a representative in the Disability Determination Section. He testified at the administrative hearing that he informed MD that he wanted to apply
 
 *840
 
 for in-line-of-duty disability retirement and claimed he discussed the requirement of form FR-13b for documentation from two physicians. Apparently, one of his physicians had agreed to fill out the form, but all others refused, “citing an ongoing workers’ compensation claim.” He then testified that he was advised by MD that this would not be sufficient for approval of his disability retirement application, but that he could apply for regular early service retirement while further documentation was secured.
 

 Records admitted in evidence at the hearing show that, subsequent to a telephone conversation with Williams, DMS mailed Williams a form FR-11, which is the form for application for service retirement. Williams submitted his completed form FR-11 to DMS. Twice the form was rejected because it was incomplete, but eventually, on March 11, 1999, Williams’ application for early service retirement was approved and payments were made by direct deposit.
 

 Seven years later, on December 19, 2005, Williams’ application for Social Security Disability benefits was approved. On January 22, 2008, Williams filed a form FR-13 with DMS, seeking to change the status of his retirement to in-line-of-duty disability retirement. Accompanying his form FR-13 was a form FR-13a, signed by the Department of Corrections, indicating he was eligible for in-line-of-duty disability retirement. On January 30, 2008, DMS received Williams’ completed form FR-13 and corresponding documentation. DMS, however, denied Williams’ request to change the status of his retirement from service retirement to in-line-of-duty disability retirement. DMS explained that, under Florida law, a retired member could not change his type of retirement after a benefit payment was cashed or deposited.
 

 Williams timely sought review of DMS’ denial by filing a petition for review with the ALJ. A hearing was conducted. The ALJ agreed with DMS’ determination and issued a proposed order, making specific findings of fact and conclusions of law. Williams filed timely objections to the ALJ’s recommended order, but DMS issued a final order adopting the findings of fact and recommendation of the ALJ on January 13, 2009.
 

 Williams asserts five issues on appeal, but they boil down to his contention that his FRS retirement status can be changed from service retirement to in-line-of-duty retirement even though benefits have been paid out either because the events of February 1998 constituted an application for and denial of in-line-of-duty benefits by DMS through its “agent,” Lake Sumter Correctional, or because DMS is estopped to deny him the right to change his status in light of the statements of MD, on which he relied. As to the estoppel claim, the hearing officer, as finder-of-fact, decided that he had failed to prove his allegations by a preponderance of the evidence. There is no record basis for that finding to be disturbed on appeal. Nor is there any record basis to conclude that the manner in which the personnel technician at Lake Correctional completed form FR-13a constituted a denial by DMS of a claim for inline-of-duty benefits by Williams.
 

 AFFIRMED.
 

 MONACO, C.J. and TORPY, J., concur.
 

 [1]
 

 . The form in the record is not signed or notarized.